IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-117-D
No. 7:21-CV-212-D

JAMAR KE-SHAWN PARKER,

)
Petitioner, )
)
v. )                    **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On December 10, 2021, Jamar Ke-Shawn Parker ("Parker" or "petitioner") moved pro se

under 28 U.S.C. § 2255 to vacate, set aside, or correct his 168-month sentence [D.E. 64]. On

January 24, 2022, the United States ("respondent") moved to dismiss [D.E. 68] and filed a

memorandum in support [D.E. 69]. The next day the court informed Parker about the motion to

dismiss and the consequences of failing to respond [D.E. 70]. See Roseboro v. Garrison, 528 F.2d

309, 310 (4th Cir. 1975) (per curiam). On February 8, 2022, Parker filed for an extension of time

respond [D.E. 71]. On February 11, 2022, the court granted an extension. [D.E. 72]. Parker failed

to file any response or additional documents before the expiration of the extension deadline. As

explained below, the court grants respondent's motion and dismisses petitioner's section 2255

motion.

I.

From November 2017 to April 2018, the Federal Bureau of Investigations and the Brunswick

County Sheriff's Office used a confidential informant ("CI") to make controlled purchases of heroin

from Parker. Presentence Investigation Report ("PSR") [D.E. 34] ¶ 6. In total, the CI purchased

1.82 grams of heroin from Parker. Id. In addition, in March 2018, a cooperating source ("CS")

informed police that Parker sold the CS 0.1 grams of heroin that had made the CS ill enough for the CS to be transported to the hospital. Id. at ¶ 7. The PSR calculated the total amount of heroin attributed to Parker to be 1.92 grams. Id. at ¶ 8.

On March 8, 2019, Parker pleaded guilty, without a plea agreement, to two counts of distribution and possession with intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). [D.E. 25]. On July 25, 2019, the court held Parker's sentencing hearing. See [D.E. 36]. At sentencing, Parker did not object to the contents of the PSR or raise any objections to the effectiveness of counsel, the career offender enhancement, or any other matter. See Sent. Tr. [D.E. 44]. The court found Parker's total offense level to be 29, his criminal history category to be VI, and his advisory guidelines range to be 151 to 188 months' imprisonment. Id. at 5–22. After thoroughly considering the arguments of counsel, Parker's statement, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Parker to 168 months' imprisonment for each count to be served concurrently. Id. at 18–23; [D.E. 37].

On August 8, 2019, Parker appealed his sentence. [D.E. 39]. On May 27, 2020, the Fourth Circuit affirmed, after concluding "that Parker's sentence is both procedurally and substantively reasonable." United States v. Parker, 806 F. App'x 231, 233 (4th Cir.) (per curiam) (unpublished), cert. denied, 141 S. Ct. 938 (2020).

On January 11, 2021, Parker moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238-41 (2018). [D.E. 50]. On February 16, 2021, following the court's order to appoint Parker counsel [D.E. 51], Parker moved again for compassionate release. [D.E. 53]. On March 2, 2021, the government responded in opposition to Parker's motion. [D.E. 54]. On May 21, 2021, the court denied Parker's motion for

2

compassionate release. [D.E. 55].

II.

In Parker's section 2255 motion, Parker makes three claims: (1) the court incorrectly calculated his advisory guideline range (referenced in "grounds" one, three, and four); (2) he would receive a different sentence under the First Step Act; and (3) ineffective assistance of counsel due to receiving "14 years for a low level drug" offense. [D.E. 64] 5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354,

3

359–60 (4th Cir. 2013).

A.

As for Parker's objections to his advisory guideline range, application of the First Step Act, and the procedural or substantive reasonableness of his sentence, Parker procedurally defaulted these claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Parker from presenting such claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Parker has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, any such claims fail.

Alternatively, Parker cannot use a section 2255 motion to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Thus, Parker's attack on his advisory guideline range fails.

Alternatively, on direct appeal, Parker already litigated and lost the claim that his sentence was procedurally or substantively unreasonable. See Parker, 806 F. App'x at 232–33. Parker cannot use section 2255 to recharacterize and relitigate claims he lost on direct appeal. See Bousley, 523 U.S. at 622–23 (1998); Frady, 456 U.S. at 164–65 (1982); Dyess, 730 F.3d at 360; United States

4

v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Therefore, Parker's claims regarding the reasonableness of his sentence fails.

## B.

As for Parker's ineffective assistance of counsel claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for

5

the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Parker contends that his counsel was ineffective by not communicating enough with Parker, by not resisting the sentence enough, and by not allowing Parker to interrupt the sentencing hearing. See [D.E. 64] 6, 9. The record does not support Parker's claims. Parker's counsel thoroughly addressed the court's conclusion that Parker was a career offender but conceded that Parker met the criteria based on the record and governing law. See Sent. Tr. at 8–9. Although Parker claims that counsel did not allow Parker to adequately participate in the sentencing hearing, Parker had the opportunity to directly address the court on any objections to the PSR, and Parker told the court that he did not have any objections to the PSR. See id. at 4–5. Moreover, Parker allocuted during the sentencing hearing. See id. at 11–13. Furthermore, defense counsel vociferously argued for a 151 month sentence. See id. at 5–11, 18. Thus, Parker fails to plausibly allege deficient performance.

The United States argues that Parker's ineffective assistance of counsel claim constitutes a repackaged objection to the reasonableness of Parker's sentence. See [D.E. 69] 2. The court agrees, and the claim fails for that reason.

Alternatively, even if Parker alleged deficient performance, Parker's claim still fails because he has not plausibly alleged prejudice. See Strickland, 466 U.S. at 691–96. Parker has not cited any

6

specific facts that demonstrate that he would have received a shorter sentence had counsel "let [Parker] interrupt" the sentencing hearing, communicated with Parker more, or put up more "resistance" to the sentence during the sentencing hearing. See [D.E. 64] 6, 9. Moreover, this court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Parker. Sent. Tr. 32–34; see Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Accordingly, Parker's ineffective assistance of counsel claim fails.

After reviewing the claims presented in Parker's motions, the court finds that reasonable jurists would not find the court's treatment of Parker's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 68], DISMISSES petitioner's section 2255 motion [D.E. 64], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _31_ day of August, 2022.

JAMES C. DEVER III
United States District Judge

7